

# Fourth Court of Appeals
## San Antonio, Texas

**DISSENTING OPINION**

No. 04-18-00742-CV

**IN THE INTEREST OF I.L.**, C.C., and R.C., Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01935
Honorable Linda A. Rodriguez, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: April 10, 2019

Assuming a parent is entitled to effective assistance of appointed counsel when the Department no longer seeks termination of the parent's parental rights, Ana has not demonstrated trial counsel's performance in this case fell below an objective standard of reasonableness. Nor has Ana shown prejudice under the circumstances. Therefore, I respectfully dissent.

I agree with the majority that trial counsel's appearance by telephone, although not ideal, did not fall below an objective standard of reasonableness. I disagree, however, that trial counsel's failure to ensure the final order conformed with the trial court's oral ruling "was so outrageous that no competent attorney would have" allowed it to occur. Nothing precluded the trial court from reconsidering its ruling between trial and entry of the final order of termination.[1] Certainly, trial

---

[1] Indeed, "[c]ommon experience shows trial judges often change their oral rulings." *Elliott v. Lewis*, No. 05-91-01216-CV, 1994 WL 709333, at *8 (Tex. App.—Dallas Dec. 16, 1994, no writ) (mem. op.).

counsel had no authority to prevent the trial court from exercising its prerogative to change its mind and cannot be ineffective for failing to do so. The majority, however, implicitly assumes the trial court did not intend to reconsider its ruling and, based on this assumption, concludes no competent attorney would have failed to file a post-judgment motion to address the discrepancy between the oral ruling and the final order. I do not believe the silent record before us supports the implicit assumption that the trial court did not intend to reconsider its ruling. Also, Ana does not argue, much less mention, in her brief the failure to file a post-judgment motion as a basis for the ineffective assistance of counsel claim. Even if Ana had raised this argument, as the majority contends, there is a rebuttable presumption that counsel considered and rejected filing a motion for new trial. *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (en banc). On this silent record, Ana has not rebutted that presumption. Therefore, based on the record before us, I respectfully disagree with the majority that trial counsel's conduct fell below an objective standard of reasonableness. *See Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 623 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("We may not speculate to find trial counsel ineffective when the record is silent regarding counsel's reasons for his actions.").

Even assuming, however, trial counsel's performance was deficient, I would hold Ana has not shown she was deprived of a "fair trial" or that "there is a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different." *See In re M.S.*, 115 S.W.3d 534, 545, 550 (Tex. 2003). The trial court orally pronounced Ana would be appointed as a possessory conservator but would have no access to the children until further order of the court. Although Ana was not named a possessory conservator in the final order, she remains a parent of the children. As a parent, regardless of whether she is a possessory conservator, she retains standing to file a suit for modification to seek access if the circumstances materially and

substantially change. *See* TEX. FAM. CODE ANN. § 156.002(a). Indeed, the trial court expressly encouraged Ana to do so "if [she] can do everything that [she] need[s] to do" with respect to drug treatment. Whether named a possessory conservator or not, Ana was not allowed access to the children without taking further action before the court. Therefore, I would hold Ana has not demonstrated prejudice.

For these reasons, I would overrule Ana's sole issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice